## John T. Lewis & Bros. Co. v. Seay

*Leon H. Fox*, for plaintiff.
*F. Kenneth Moore*, for defendant.

CORSON, J., December 3, 1943.—In this case plaintiff, after obtaining judgment against defendant, issued a fi. fa. to collect such judgment. According to the pleadings, the sheriff made a levy upon personal property, whereupon a property claim was filed alleging such personal property to be owned jointly by the husband and wife, and therefore not subject to levy for the debts of the wife. The sheriff made a return as follows: "Nulla bona as to personal property."

Plaintiff in the execution thereupon filed a petition under the Act of May 9, 1913, P. L. 197, seeking to examine defendant orally. This petition set forth the sheriff's return as "nulla bona". Upon this petition a decree was entered ordering such examination. The

present petition was thereupon filed and rule granted to set aside or stay such order upon the allegation that the actual sheriff's return was not sufficient to warrant an order for oral examination under the Act of 1913, supra.

Under such act an order for oral examination may be made after a return ". . . by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the said judgment and execution . . ." The sheriff's return upon the writ of fi. fà. as it appears upon the return is "nulla bona as to personal property". It is the contention of petitioner in the present rule that such return does not show whether or not defendant had any real estate which might be sold to satisfy plaintiff's judgment. Several lower court cases have held that a return of "nulla bona" is sufficient to justify an order for oral examination. See The Wayne Title & Trust Co. v. Mellett, 29 D. & C. 117 (1937).

In the present case, as already noted, the return was not "nulla bona" but "nulla bona as to personal property". Petitioner in the rule relies upon the case of Fidelity-Philadelphia Trust Co., Exec., v. Miller, 29 D. & C. 282 (1937). That case merely held improper a practice that had grown up in Philadelphia of issuing a writ of execution with plaintiff's notation upon it asking for an immediate return of nulla bona. In the Miller case the court simply held that such practice was improper and that the sheriff must make at least some effort to locate property of the execution debtor. An examination of the form of fi. fa. used in the present case discloses that the sheriff is directed to levy upon the "goods and chattels, land and . . ." of the execution debtor. The word "property" as used in the Act of 1913, supra, we feel covers real and personal property. If the sheriff's return had been merely nulla bona we would have assumed that he found neither

personal nor real property of defendant upon which to levy. However, the return of nulla bona in the present case is limited by the phrase "as to personal property". This, we feel, makes it an incomplete return under the Act of 1913, supra, and we feel that the rule must, therefore, be made absolute.

And now, December 3, 1943, for the reasons given in the foregoing opinion, the rule to show cause why the decree of September 3, 1943, requiring Ethel B. Seay to appear for oral examination should not be revoked is made absolute and such order is hereby revoked.